JOYNFS, J.,
delivered the opinion of the court:
The court is of opinion that there is no sufficient evidence that the appellant, before the filing of his bill in this case, received notice, as allegéd in the answer of the ap-pellee William Dobson, of the willingness of the said ajjpellee to fulfill on his part, the contract in the bill mentioned. And as the said appellee had notified the appellant of his intention not to .fulfill the said contract, the court is further of opinion that the appellant was entitled to file his bill for a specific execution of the said contract without making a tender to the said appel-lee of the securities provided for therein; and that therefore the decree of the Circuit court dismissing "the bill of the appellant is erroneous. Therefore it is adjudged and ordered, that the said decree be reversed and annulled, and that the appellee William Dobson pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here.
And this court proceeding to render such decree as the said Circuit court ought to *348 have rendered, it is further adjudged and ordered, that it be referred to o.ne of the commissioners of the court to inquire and report whether a good title in fee simple can be made to the appellant to the two parcels of land in the said contract mentioned, or to either of them, with the character and amount of any liens or in-cumbrances that may exist on the same or either of them, and also to take an account, if the appellant shall desire it, of the rents, issues and profits of the said parcels of land,' respectively,' since the date of the said contract, with any matters specially stated deemed pertinent by himself or required by any party to be so stated.
And if, upon the coming in of said report, it shall be ^ascertained that a good title as aforesaid can be made to the said two parcels of land, or that a good title as aforesaid, can be made to either one of the said parcels, and not to the other, then the court is further of opinion, that the said Circuit court should make a decree requiring the said appellee William Dobson, by a day to be fixed by said decree, to convey to the appellant, by deed wi-th general warranty duly executed and authenticated for recordation, and duly stamped according to the act of congress, the said two parcels of land, or that one to which a good title can be made, in case a good title cannot be made to both, provided that, in the latter case, the appellant shall elect to take a decree for that parcel alone, in full satisfaction of the contract, upon payment by the appellant to the said appellee William Dobson, of the money stipulated by the said contract to be paid for the land so to be conveyed, with interest thereon' according to the terms of- said contract, after deducting therefrom what shall be found to be due from the said appellee for the rents, issues and profits of the land so to be conveyed; which shall be applied to the reduction of the purchase money at the end of each year: or if the appellant shall elect to waive an account of rents, issues and profits, then upon-payment by the appellant to the said appellee of the principal money stipulated by the said contract to be paid for the land so to be - conveyed, without interest; in which decree the said Circuit court should make provision in such manner as may seem best, 'for the- satisfaction of any liens or incumbrances that may be found to exist upon the land so to be conveyed. And that in case the said appellant shall, upon the tender of such deed, pay the money so to be paid by him, or in case no title can be made as aforesaid, then, in either of said cases, the said Circuit court should decree the costs in said court to be paid by the the said appellee William Dobson. *And the court is further of opinion, that in case the appellant should, upon the tender of the conveyance aforesaid, fail to pay the money to be paid by him, the said Circuit court should dismiss the bill of the appellant, and should decree that he pay to the said appellee William.Dobson the costs of the suit in said Circuit court, together with the costs and expenses attending the execution of the said conveyance, including the value of the stamps thereon.
And the cause is remanded to the said Circuit court for further proceedings to be had therein, according to the principles of the foregoing opinion and decree.
Decree reversed.